IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHARON ROSE WILLIAMS,<br>    Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br>*Commissioner of Social Security*,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 1:19-00318-N |

## **MEMORANDUM OPINION AND ORDER**

This action is before the Court on the application for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (Doc. 19) filed by the Plaintiff, Sharon Rose Williams (hereinafter, "the Plaintiff"), which requests an award of $3,584.25 in attorney fees from the Defendant Commissioner of Social Security ("the Commissioner"). The Commissioner's response represents that he does not oppose the application or the requested amount. (*See* Doc. 21). Upon due consideration, the Court finds the Plaintiff's EAJA application (Doc. 19) is due to be **GRANTED**.[1]

### I. *Analysis*

"The EAJA provides that the district court 'shall award to the prevailing party other than the United States fees and other expenses ... incurred by that party in

---

[1] With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 14, 15, 16).

any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States ..., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Newsome v. Shalala*, 8 F.3d 775, 777 (11th Cir. 1993) (quoting 28 U.S.C. § 2412(d)(1)(A)-(B)) (footnotes omitted). "[E]ligibility for a fee award in any civil action requires: (1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

### a. Prevailing Party

An individual qualifies as a "party" entitled to "fees and other expenses" under 28 U.S.C. § 2412(d)(1)(A) if the individual's "net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B). Based on the unchallenged representations in the Plaintiff's present EAJA application (Doc. 19, PageID.594), the Court finds that the Plaintiff qualifies as a "party" for purposes of EAJA. And because the Plaintiff received a remand of a final decision of the Commissioner under sentence four of 42 U.S.C. § 405(g) (*see* Docs. 17, 18), the Plaintiff is a "prevailing" party under EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993); *Newsome*, 8 F.3d at 777 ("Courts have routinely awarded EAJA attorney's fees to claimants in Social Security cases who satisfy the statutory

conditions."); *Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990) ("Since the EAJA's enactment, the vast majority of EAJA awards have gone to claimants who succeeded in challenging contrary benefits decisions made by the Secretary of Health and Human Services.").

### b. Timeliness

EAJA "provides that a 'party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses....' 28 U.S.C. § 2412(d)(1)(B) (1982). It is settled that a 'final judgment' means that the judgment is final and not appealable. 28 U.S.C. § 2412(d)(2)(G)." *United States v. J.H.T., Inc.*, 872 F.2d 373, 375 (11th Cir. 1989). Where, as here, "the district court enters a 'sentence four' remand order[ under 42 U.S.C. § 405(g)], that judgment is appealable." *Newsome*, 8 F.3d at 778. "[W]hen a remand was pursuant to sentence four, the 30–day filing period for applications for EAJA fees 'begins after the final judgment ('affirming, modifying, or reversing') is entered by the [district] court and the appeal period has run, so that the judgment is no longer appealable.'" *Id.* (quoting *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)).

Here, final judgment was entered on November 13, 2019 (*see* Doc. 22), and no appeal was taken. Because a United States officer sued in an official capacity is a party to this action, the time to appeal expired after Monday, January 13, 2020 – 60 days from the date of entry of final judgment, excluding the date of entry, and excluding January 12 because it fell on a Sunday. *See* Fed. R. App. P. 4(a)(1)(B)(iii);

Fed. R. App. P. 26(a)(1). Because the Plaintiff filed and served the present application on February 10, 2020, it is timely.[2]

### c. **Substantially Justified Position or Special Circumstances**

An EAJA applicant is only required to <u>allege</u> that the Government's position was "not substantially justified." *Scarborough v. Principi*, 541 U.S. 401, 414-15 (2004). *See also* 28 U.S.C. § 2412(d)(1)(B) (an application for EAJA fees and expenses must "allege that the position of the United States was not substantially justified"). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B). "The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a

---

[2] Past Eleventh Circuit precedent treated EAJA's timely filing requirement as jurisdictional in nature. *See, e.g.*, *Newsome*, 8 F.3d at 777. That precedent, however, has been abrogated by the Supreme Court's decision in *Scarborough v. Principi*, 541 U.S. 401, 413-14 (2004) ("§ 2412(d)(1)(B) does not describe what classes of cases the C[ourt of Appeals for Veterans Claims] is competent to adjudicate; instead, the section relates only to postjudgment proceedings auxiliary to cases already within that court's adjudicatory authority. Accordingly,…the provision's 30–day deadline for fee applications and its application-content specifications are not properly typed 'jurisdictional.'" (citation and some quotation marks omitted)). *See also Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578, 581–82 (6th Cir. 2005) ("[O]ur past precedent characterized the EAJA's time limitation for fee applications as jurisdictional … This precedent, however is overruled by the Supreme Court's recent decision in *Scarborough v. Principi,* 541 U.S. 401, 124 S. Ct. 1856, 158 L. Ed. 2d 674 (2004), where the Supreme Court held that the EAJA's '30–day deadline for fee applications and its application-content specifications are not properly typed "jurisdictional."' *Id*. at 1865.").

reasonable person—i.e. when it has a reasonable basis in both law and fact." *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997) (citations and quotations omitted). "The burden of establishing that the position of the United States was substantially justified…must be shouldered by the Government." *Scarborough*, 541 U.S. at 414-15.

As required, the Plaintiff's application alleges that the Commissioner's position was not substantially justified. (*See* Doc. 19, PageID.593). The Commissioner has not attempted to rebut that allegation, and there are no special circumstances apparent from the record which countenance against the awarding of fees. Thus, the Court finds that the Plaintiff is entitled to an award under EAJA.

### d. Amount of Fees

The "fees and other expenses" that a prevailing party is entitled to receive under § 2412(d)(1)(A) "includes…reasonable attorney fees…" 28 U.S.C. § 2412(d)(2)(A). The Plaintiff requests $3,584.25 in attorney fees, representing 17.7 hours of federal court work performed by Plaintiff's counsel at an hourly rate of $202.50. These claimed hours are duly supported by an itemized time sheet (Doc. 19-1).

The amount of fees awarded under § 2414(d)(1)(A) must "be based upon prevailing market rates for the kind and quality of the services furnished, except that…attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a

higher fee." 28 U.S.C. § 2412(d)(2)(A). "The EAJA therefore establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act. The first step in the analysis…is to determine the market rate for 'similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation.' *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The second step, which is needed only if the market rate is greater than $[12]5 per hour, is to determine whether the court should adjust the hourly fee upward from $[12]5 to take into account an increase in the cost of living, or a special factor." *Meyer v. Sullivan*, 958 F.2d 1029, 1033–34 (11th Cir. 1992) (footnote omitted).

> A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. It should also be noted that in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate.

*Norman*, 836 F.2d at 1299.[3] The Plaintiff has presented no evidence as to the appropriate "market rate" for this Court. However, "a court is itself an expert on

---

[3] The fact that there is no opposition to the present motion not relieve this Court of its obligation to independently assess whether the EAJA award is reasonable and otherwise appropriate. *See Design & Prod., Inc. v. United States*, 21 Cl. Ct. 145, 151–52 (1990) ("The key words chosen by the Congress when enacting the EAJA are 'a court shall' and 'unless the court finds'. These are clear words of direction from the Congress to the courts indicating that it is a court's responsibility to determine whether or not and at what level attorney's fees are appropriate in an EAJA case.

the question [of a reasonable hourly rate] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303. Based upon its own knowledge and experience, the Court finds that the prevailing market rate in this judicial district for services similar to those performed by the Plaintiff's counsel in this action by lawyers of reasonably comparable skills, experience, and reputation exceeds $125 per hour.

Accordingly, the Court must now determine whether an upward adjustment from that rate is justified "to take into account an increase in the cost of living…"[4] 28 U.S.C. § 2412(d)(2)(A). To make this determination, the Court will, as the Plaintiff proposes, apply the often-used formula from this Court's decision in *Lucy v. Astrue*, S.D. Ala. Case No. S.D. Ala. Case No. 2:06-cv-00147 PageID. 381-382, 2007

---

This determination rests squarely within the discretion of the judicial officer, who must or 'shall award' to a prevailing party fees and costs. In accordance with the statutory terms, it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation."); *Beutel v. Berryhill*, No. 3:17CV01193(SALM), 2018 WL 4936002, at *1 (D. Conn. Oct. 11, 2018) ("Although the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is obligated to review the fee application and determine whether the proposed fee award is reasonable. '[T]he determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation.' " (quoting *Pribek v. Sec'y, Dep't of Health & Human Servs.*, 717 F. Supp. 73, 75 (W.D.N.Y. 1989) (citation and internal quotation marks omitted)); *Piner v. Berryhill*, No. 1:17-CV-00317-TMC, 2018 WL 560155, at *1 (D.S.C. Jan. 25, 2018) ("Despite there being no objection, the court is obligated under the EAJA to determine if the fee is proper.").

[4] The Plaintiff does not claim that "a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee[,]" 28 U.S.C. § 2412(d)(2)(A), nor is any readily apparent from the record.

U.S. Dist. LEXIS 97094 (S.D. Ala. July 5, 2007).[5]

> In *Lucy,* the following formula, based on the [U.S. Department of Labor's Consumer Price Index], was utilized:
>
> > ($125/hour) x (CPI–U[[6]] Annual Average "All Items Index," South Urban, for month and year of temporal midpoint)/152.4, where 152.4 equals the CPI–U of March 1996, the month and year in which the $125 cap was enacted.
>
> [2007 U.S. Dist. LEXIS 97094,] at *12. The "temporal midpoint" is calculated by counting the number of days from the date that the claim was filed to the date of the Magistrate or District Judge's Order and Judgment. *Id.* at *5–6.

*Winters v. Astrue*, Civil Action No. 11-00261-CB-B, 2012 WL 1565953, at *2 (S.D. Ala. Apr. 9, 2012), *report and recommendation adopted*, 2012 WL 1556652 (S.D. Ala. Apr. 30, 2012).

The complaint (Doc. 1) in this action was filed on June 26, 2019, and the Court's sentence-four remand order and judgment (Docs. 17, 18) were entered on November 13, 2019. The number of days between those two dates (i.e. excluding the start and end dates) is 139. The "temporal midpoint" therefore falls in

---

[5] The Eleventh Circuit has held that "a court should describe mathematically the basis of all cost of living adjustments under [EAJA]." *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988), *aff'd*, 496 U.S. 154 (1990). The Plaintiff's motion relies on the *Lucy* formula, and the Commissioner does not object to its application here. Indeed, the *Lucy* formula was jointly proposed by the Commissioner and the plaintiff in that case (*see* S.D. Ala. Case No. 2:06-cv-00147 PageID. 381-382)), and the undersigned is unaware of any binding precedent that contravenes the *Lucy* formula, nor of any alternative formula since proposed by the Commissioner.

[6] Consumer Price Index for All Urban Consumers, as determined by the Bureau of Labor Statistics of the United States Department of Labor (https://www.bls.gov/cpi/data.htm).

September 2019, which had a South Urban CPI–U of 246.891.[7] Plugging the relevant numbers into the *Lucy* formula renders the following equation: ($125 x 246.891) / 152.4. This equation yields an hourly rate of $202.50, the Plaintiff's requested rate, which the Court thus finds to be an appropriate hourly rate under EAJA to take into account increases in cost of living. And after considering the itemized timesheet of Plaintiff's counsel (*see* Doc. 19-1), the Court also finds the number of hours billed, 17.7, to be reasonable for the work performed. Thus, the Court will award the Plaintiff attorney fees under EAJA in the requested amount of $3,584.25.[8] [9]

---

[7] https://data.bls.gov/pdq/SurveyOutputServlet?series_id=CUUR0300SA0,CUUS0300SA0 (last visited Mar. 25, 2020).

[8] The Court finds no reason to reduce or deny this award under 28 U.S.C. § 2412(d)(1)(C) ("The court, in its discretion, may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.").

[9] EAJA fees are awarded to litigants, rather than to their attorneys, which "thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). The Plaintiff's "assignment of his right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to him as the prevailing party, and the fees belong to him." *Brown v. Astrue*, 271 F. App'x 741, 743-44 (10th Cir. 2008) (unpublished). Moreover, "the private contractual arrangement between [the Plaintiff] and his counsel [i]s a collateral matter the district court d[oes] not need to address when considering [an] EAJA fees motion." *Id*. at 744. *See also Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1511 (11th Cir. 1988) ("Historically, the client and the lawyer make their fee arrangement, and the lawyer looks to the client for payment of the legal fee…In enacting the EAJA, Congress recognized and maintained the attorney-client relationship as it has existed throughout our history."); *Oguachuba v. I.N.S.*, 706 F.2d 93, 97 (2d Cir. 1983) ("Whether an award of attorneys' fees under [EAJA] ultimately redounds to the benefit of counsel depends upon the private

## II. *Conclusion*

In accordance with the foregoing analysis, it is **ORDERED** that the Plaintiff's application for attorney fees (Doc. 19) is **GRANTED**, and that Plaintiff Sharon Rose Williams is awarded from the Defendant Commissioner of Social Security **$3,584.25** in attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).[10]

**DONE** and **ORDERED** this the 26th day of March 2020.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

contractual arrangements between the attorney and the client."). Accordingly, the Court expresses no opinion herein on the validity or effect of the Plaintiff's assignment to his attorney of his right to payment of EAJA attorney fees, a copy of which has been attached to the present motion.

[10] Unless a party requests one by motion, no separate judgment regarding attorney fees shall be forthcoming. *See* Fed. R. Civ. P. 58(a)(3) (judgment need not be set out in a separate document for an order disposing of a motion for attorney's fees).